UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RESTAURANT SUPPLY, LLC       *      CIVIL ACTION
                                      *
VERSUS                           *      NO. 2:17-cv-8793
                                      *
PRIDE MARKETING AND         *      JUDGE MARTIN L.C. FELDMAN
PROCUREMENT, INC.           *
                                      *      MAGISTRATE MICHAEL B. NORTH
******************************************

**RESTAURANT SUPPLY, LLC'S RESTATED AND AMENDED COMPLAINT**

     Plaintiff in the above-entitled matter hereby timely files this Restated and Amended Complaint in compliance with this Court's October 26, 2017 Scheduling Order, (Rec. Doc. 44), and with leave of Court pursuant to FRCP 15 (a)(2).

## I.     JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 (a) (2) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. On or about September 8, 2017, this matter was transferred into this Court from the USDC for the District of Connecticut, (Rec. Doc. 32). Venue is proper in this district under 28 U.S.C. 1391.

## II.     GENERAL ALLEGATIONS

3. The plaintiff, Restaurant Supply, LLC ("Restaurant Supply"), is a duly organized limited liability company in the State of Connecticut.

4. The defendant, Pride Marketing and Procurement, Inc. ("Pride"), is a Louisiana Corporation with its principal place of business in Metairie, Louisiana. Upon information and belief, Pride was established in approximately 1989. Upon

1

further information and belief, subsequent to commencement of these proceedings, Pride has changed its name to Pride Centric Resources, Inc.

5.  For at least ten years prior to May 20, 2016, Restaurant Supply was a shareholder of Pride. Pride has failed to redeem Restaurant Supply's share of stock in Pride; thus Restaurant Supply remains a shareholder of Pride.

6.  For all times relevant hereto, Pride was incorporated to create a consortium/buying group made up of separate shareholders engaged in the business of buying and selling food service supplies and equipment products (the "Product"). Upon information and belief, each shareholder admitted into Pride received one share of the corporation, which entitled each shareholder to purchase Product through Pride.

7.  Pride shareholders could purchase Product through Pride vendors either by directing Pride to facilitate the purchase as a so-called "Authorization Code Purchase," or by the shareholder making a so-called "Direct Purchase" from the Pride vendor.

8.  The shareholders remit payments to Pride or the Pride vendor for any and all Product each shareholder purchased through Pride, whether said purchase was an Authorization Code Purchase or Direct Purchase. Upon information and belief, Pride acted as agent for each individual Pride shareholder and as a guarantor to the Pride vendors, guaranteeing payment to said vendors for the Product purchased by individual Pride shareholders.

9. For many years, including calendar year 2015, and through the first quarter of 2016, Restaurant Supply initiated hundreds of purchases for Restaurant Supply's individual account through Pride.

10. Pursuant to the terms of the "Shareholder Agreement of PRIDE MARKETING AND PROCUREMENT, INC.," as amended, (the "SA"), Pride regularly and routinely received certain rebates from Pride vendors directly related to the specific purchase of Product that Restaurant Supply made for its individual account through its agent, Pride. Pride held these rebates as the agent for Restaurant Supply.

11. Pride was required to remit the vendor rebates received by Pride to Restaurant Supply subject to Pride's right of setoff against any indebtedness owed to Pride by Restaurant Supply for any Product Restaurant Supply purchased through Pride.

12. Upon information and belief, for calendar year 2015 through the first quarter of 2016, Pride, as Restaurant Supply's agent, owed to Restaurant Supply more than $2,000,000 in vendor rebates, even after applying Pride's right to setoff for any indebtedness allegedly due to Pride from Restaurant Supply for any vendor purchases made by Restaurant Supply that were guaranteed by Pride.

13. Restaurant Supply has made demand on Pride for payment of all rebates due and owing, but Pride has failed and neglected to remit the same to Restaurant Supply.

14. After Restaurant Supply made the aforesaid demand for payment, Pride's Board of Directors voted to terminate and remove Restaurant Supply as a shareholder of Pride, purportedly effective May 20, 2016, at 5:30 p.m. Central Standard Time.

3

15. Upon information and belief, Pride kept detailed accountings of all of the purchases of Product made by Restaurant Supply through its agent, Pride, for calendar year 2015, and the first quarter of 2016.

16. For the aforesaid period, Pride also kept a detailed accounting of amounts due to Restaurant Supply, which Pride was holding as the agent of Restaurant Supply.

17. Upon information and belief, in or around 2006 an entity named FoodServiceWarehouse.com, LLC ("FSW") was formed by persons and companies who were also shareholders and/or officers and/or directors of Pride.

18. While most Pride shareholders operated "brick and mortar" businesses only, FSW was formed as an E-Commerce business allegedly to enhance volume capability and to effectuate more purchases through Pride.

19. Upon information and belief, many members of FSW's Management Committee were also on the Board of Pride and/or were directors and/or shareholders of Pride.

20. On or about April 20, 2015, IberiaBank (the "Bank") issued a $21,000,000 line of credit to FSW and FSW executed a Promissory Note in connection therewith.

21. Pride executed a commercial guaranty in favor of the Bank guaranteeing up to $15,000,000 of FSW's obligation to the Bank.

22. In February, 2016, Pride made a $4,000,000 payment to the Bank under Pride's guaranty.

23. On March 9, 2016, the Bank offset $9,831,555.83 that Pride held in various deposit accounts at the Bank and the Bank applied those funds to the FSW outstanding debt guaranteed by Pride.

24. On March 11, 2016, the Bank issued a Notice of Default of FSW and accelerated the remaining debt due. Upon information and belief, Pride thereafter paid another amount of approximately $4,000,000 to the Bank to extinguish and satisfy Pride's guaranty of the FSW debt to the Bank.

25. In March, 2016, Pride informed its shareholders that Pride had pledged Pride's individual shareholder funds/rebates, which it had collected and held as agent for said individual shareholders, as collateral for Pride's guaranty of the FSW debt provided to the Bank and that Pride would not pay its shareholders the accrued rebates held by Pride as agent for and due and owing by Pride to its individual shareholders.

26. Upon information and belief, Pride has also made substantial payments to FSW's vendors to honor Pride's guarantees to such vendors for Product purchased by FSW utilizing Pride's authorization codes.

27. On or about May 20, 2016, (the same day Pride purportedly terminated Restaurant Supply as a shareholder of Pride), FSW filed Chapter 11 Bankruptcy in the Eastern District of Louisiana (Case No. 16-11179).

## III.   **CAUSES OF ACTION**

## **FIRST COUNT – EQUITABLE ACCOUNTING**

Paragraphs 1 through 27 of the General Allegations are incorporated as paragraphs 1 through 27 of this First Count as if fully set forth herein.

28. Restaurant Supply seeks an accounting for the sums due it from Pride both as its agent and otherwise and a judgment for payment of said sums.

**SECOND COUNT – CONVERSION**

Paragraphs 1 through 27 of the General Allegations are incorporated as paragraphs 1 through 27 of this Second Count as if fully set forth herein.

29.   Pride has wrongfully exercised dominion and control over Restaurant Supply's rebates/money which Pride collected as Restaurant Supply's agent and for Restaurant Supply's account and has converted the same to Pride's own use, all to the loss and damage of Restaurant Supply.

**THIRD COUNT – UNJUST ENRICHMENT**

Paragraphs 1 through 27 of the General Allegations are incorporated as paragraphs 1 through 27 of this Third Count as if fully set forth herein.

30.   Pride has substantially and unjustly benefitted by receiving and taking the funds/rebates due to Restaurant Supply as aforesaid.

31.  Pride realized the benefit which it received from its actions in retaining the funds/rebates due to Restaurant Supply, as aforesaid.

32.  Pride's failure to pay to Restaurant Supply the aforesaid funds/rebates caused a financial detriment to Restaurant Supply, all to its loss and damage.

**FOURTH COUNT – BREACH OF FIDUCIARY DUTY AND THE DUTY OF LOYALTY**

Paragraphs 1 through 27 of the General Allegations are incorporated as paragraphs 1 through 27 of this Fourth Count as if fully set forth herein.

33.   As agent, Pride owed a duty of loyalty to its shareholders to collect, account for, and remit all rebates which Pride received or collected for the individual account of Restaurant Supply, and was required to discharge those duties as fiduciary and agent with utmost loyalty and in good faith; Pride failed to do so.

34. As a consequence of Pride's breach of its fiduciary duties and duties of loyalty as agent for Restaurant Supply, individually, Restaurant Supply has sustained damages in excess of two million dollars.

35. Restaurant Supply reserves the right to amend and supplement its damage claim as discovery in this matter proceeds.

## FIFTH COUNT – BREACH OF CONTRACT

Paragraphs 1 through 27 of the General Allegations are incorporated as paragraphs 1 through 27 of this Fifth Count as if fully set forth herein.

36. Pursuant to the Shareholder Agreements and Bylaws, as periodically restated and amended, Pride was obligated to timely and properly account for and pay to Restaurant Supply the rebates attributable to Restaurant Supply's purchases of Product through Pride during 2015 and 2016.

37. Despite amicable demand, Pride has failed and refused to pay Restaurant Supply its rebates earned during 2015 and 2016; therefore Pride has breached the Shareholder Agreements and Bylaws, as periodically restated and amended.

38. As a consequence of Pride's breach of contract, Restaurant Supply has sustained damages in excess of two million dolars.

39. Restaurant Supply reserves the right to amend and supplement its damage claim as this matter proceeds.

## SIXTH COUNT – NEGLIGENCE

Paragraphs 1 through 27 of the General Allegations are incorporated as paragraphs 1 through 27 of this Sixth Count as if fully set forth herein.

40. Pride was negligent in wrongfully pledging the rebates it had collected as agent for the account of its principal, Restaurant Supply, to secure the debt of a third party.

41. As a consequence Restaurant Supply has sustained damages in excess of two million dollars.

42. Restaurant Supply reserves the right to amend and supplement its damage claim as this matter proceeds.

WHEREFORE, Restaurant Supply, LLC, respectfully prays that this Court:

1. Award judgment in favor of Plaintiff, Restaurant Supply, LLC, and against Defendant, Pride Marketing and Procurement, Inc., now known as Pride Centric Resources, Inc., for all elements of damages allowed by law, together with interest thereon, and together with all costs and disbursements; and

2. Award Plaintiff, Restaurant Supply, LLC, such other and further relief in the premises as in law and equity it may be entitled to receive.

Respectfully submitted,

**GORDON ARATA MONTGOMERY BARNETT**

BY:   */s/John Y. Pearce*
    JOHN Y. PEARCE (#10374)
    STEPHEN L. WILLIAMSON (#8316)
    R. ETHAN ZUBIC (#34834)
    201 St. Charles Ave., 40th Floor
    New Orleans, LA   70170
    (504) 582-1111

*Attorneys for Restaurant Supply, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2017, that a true and correct copy of the foregoing has been furnished by electronic transmission via filing with the clerk using the CM/ECF to all parties listed on the Court's electronic mailing matrix.

*/s/John Y. Pearce*
**JOHN Y. PEARCE**

2776466v1

9