UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RESTAURANT SUPPLY, LLC                              CIVIL ACTION

V.                                                  NO. 17-8793

PRIDE MARKETING AND                                 SECTION "F"
PROCUREMENT, INC.

ORDER AND REASONS

Before the Court is the defendant's motion for sanctions under Federal Rule of Civil Procedure 37(C), or in the alternative, motion for partial summary judgment.[1] The Court forgoes reviewing the legal standard for sanctions under Rule 37 or for a motion for summary judgment, as neither is relevant to determining the issue presented to the Court.

In both its original complaint and the amendment complaint, Restaurant Supply alleged that Pride owed it more than $2,000,000 in vendor rebates. In response to Pride's interrogatory requesting a description of all damages "with specificity," Restaurant Supply

---

[1] Pride Marketing and Procurement, Inc. is a food service and equipment buying group that gathers together suppliers and dealers so it can make bulk purchases from vendors on behalf of those suppliers and dealers. Each supplier and dealer owns one share in the buying group. Pride charges a commission for its service, and in exchange, the shareholders receive rebates that significantly discount their purchases. Restaurant Supply was a shareholder of Pride from 2006 until May 2016. In March 2016, Pride representatives unexpectedly informed Restaurant Supply, among others, that Pride would not and could not pay its rebates for 2015 and 2016, which exceed $2 million dollars. Restaurant Supply sued Pride on June 28, 2016, seeking to recover $2 million in rebates Pride refused to remit.

1

responded that its damages "consist of the loss of its vendor rebates earned as a result" of its purchases. It did not claim other damages in the complaint or the interrogatory response. However, on May 1, 2018, Joseph Sullo, the manager and sole member of Restaurant Supply, was deposed in his individual capacity and his capacity as a corporate representative. During the deposition, he stated that in addition to the loss of rebates, he accrued attorney's fees, substantial interest on a credit line he had to establish because he did not receive the rebates,[2] and loss of business because he could not grow the company as quickly without the additional cash. Pride contends that Restaurant Supply may introduce Sullo's evidence at trial and assert claims for damages based on attorney's fees, loss of business income, and interest expenses Sullo incurred. It moves for sanctions under Rule 37 on the basis that Restaurant Supply cannot introduce evidence of claims when it has not provided discovery for them. Alternatively, it moves for partial summary judgment on the additional damages claim. The basis for these claims is that Sullo's testimony somehow creates an additional claim for damages by Restaurant Supply, despite Restaurant Supply's continual representation in the

---

[2] Sullo testified that the interest rate was 4.5-5%, and he borrowed about $2.5 million to cover the lost rebates. He did not know how much interest he has accrued, but Pride estimated in its motion that it would be between $230,000 and $256,000.

2

pleadings and in discovery that the only damages sought are the loss of rebates.

In response to Pride's motion, Restaurant Supply submitted a brief opposition, stating that it has never represented to the Court or Pride that it intended to seek damages from Pride other than the rebates, even though Sullo and his business have sustained losses beyond what Restaurant Supply pled. Despite Restaurant Supply's affirmation on the record that it did not intend and has never claimed entitlement to additional damages, Pride double downed on its stance. It renewed its request that the Court grant its motion for sanctions or motion for summary judgment, even though Restaurant Supply could not fail to provide discovery on claims it did not make, and similarly, the Court cannot rule on claims not before it. Additionally, Pride submitted an email from the plaintiff's counsel offering a settlement figure.[3] In the email, after the attorney made the offer, he wrote "[w]e believe this number to [be] more than reasonable, considering the amount of Rebates in dispute and the additional expense incurred by our client as a result of not receiving such rebates as anticipated." Pride contends that this email, along with Sullo's deposition, prompted it to file the motion.

---

[3] The actual settlement figure was blacked out.

The Court declines to indulge Pride's characterization of the deposition testimony as an independent and newly-asserted claim for damages. Witnesses are entitled to state their belief that the plaintiff is owed relief that was not pled. Stating that belief does not widen the scope of the pleadings; pleadings may only be amended on motion. <u>See</u> Federal Rule of Civil Procedure 15. Restaurant Supply as an entity has never represented that it is entitled to these additional damages. Pride's request that the Court interprets Sullo's deposition as a formal request for relief, and then dismiss it on summary judgment, when Restaurant Supply never made a claim for those damages in the first place, is illogical and wholly inappropriate.

Additionally, the Court is troubled by Pride's inclusion of communications involving settlement discussion. Pride offered the email to demonstrate that the motion was not as vexatious and pointless as it seems. It fails. Pride contends that this email, along with Sullo's testimony, prompted it to file this motion because it insinuated that Restaurant Supply sought additional damages. Settlement discussions routinely consider factual information and circumstances that are not included in the pleadings. Simply because Restaurant Supply acknowledges, and believes Pride should acknowledge, additional damages Sullo alleges he accrued does not mean that it intends to present claims at trial that it never plead, and did not address in discovery.

Although there may be occasions when submission of settlement communications is appropriate, this is not one; settlement communications are generally best kept between the parties. See Federal Rule of Evidence 408.

Accordingly, IT IS ORDERED: that the defendant's motion for sanctions under Rule 37(c), or in the alternative, motion for partial summary judgment is DENIED.[4]

New Orleans, Louisiana, June 27, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Counsel are urged to become familiar with 28 U.S.C. § 1927.